**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHARLES SAVAGE,**

    Plaintiff,

v.                                Case No. 8:13-cv-932-T-30TGW

**MIT COMPUTERS, INC. a Florida**
**corporation, and MIT PATEL, individually,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Judgment against Defendant MIT Computers, Inc. (Dkt. 39). Upon consideration of the motion, and being otherwise advised in the premises, the Court denies the motion without prejudice.

Plaintiff's complaint seeks damages associated with overtime compensation and retaliation, among other relief, under the Fair Labor Standards Act against Defendants MIT Computers, Inc. and Mit Patel. On February 6, 2014, a clerk's default was entered against Defendant MIT Computers, Inc. for its failure to retain counsel (Dkt. 38). It appears from a review of the docket that Plaintiff has not effectuated service on Mit Patel. Notably, Plaintiff seeks damages under the FLSA against *both* Defendants (Dkt. 22). Plaintiff's motion for final default judgment against MIT Computers, Inc. seeks a judgment in the amount of $26,099.68.

"[W]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on

the merits against the remaining defendants." *N. Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.,* 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012). *See also Armstrong v. Martin Marietta Corp.*, 93 F.3d 1505, 1509 (11th Cir. 1996) ("[a]lthough rule 54(b) permits the court, upon a party's motion for entry of final judgment, to direct final judgment as to one or more but fewer than all the parties in a class action where 'no just reason for delay exists,' the court is not required to enter final judgment in an action involving multiple parties.").

The Court concludes that entering a default final judgment at this stage raises the risk of inconsistent verdicts because the remaining Defendant may choose to defend this action and may succeed on the merits.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment against Defendant MIT Computers, Inc. (Dkt. 39) is denied without prejudice to be reasserted, to the extent appropriate, when this case becomes ripe for final resolution.

**DONE** and **ORDERED** in Tampa, Florida on March 11, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-932.denydefaultFJaspremature.wpd